IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSIE LON MILLER,

    Plaintiff,

    v.                                                                                               No. CIV 13-0793 RB/GBW

CHAVES CO. DETENTION CENTER,
LT. ROGERS,
SGT. ELMORE,
SGT MIRANDA,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims the complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

1

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Correctional Officer King, who is not named as a Defendant, required Plaintiff to exit the shower room naked and to dress himself in a public area before walking to his cell. Defendants Rogers, Elmore, and Miranda failed to investigate (Count III) or assist Plaintiff in obtaining administrative or judicial relief for the violations (Count II). Plaintiff alleges that he was humiliated and harassed by these events, and he contends that Defendants' conduct violated his constitutional rights. The complaint seeks damages.

No relief is available on Plaintiff's allegations against the named Defendants. First, the Chaves County Detention Center may not be sued in this § 1983 action. "[A] detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). The Court will dismiss Plaintiff's claims against this Defendant.

As to the individual Defendants Rogers, Elmore, and Miranda, Plaintiff alleges only that they did nothing after the alleged incident to help him with administrative or judicial remedies. The complaint thus contains no allegations against Defendants affirmatively linking them to the asserted violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). "Because [Plaintiff]'s only allegations involving these defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). Nor does Plaintiff allege that prison officials actively interfered with his attempts to prepare and file legal documents. *See Lewis v. Casey*, 518 U.S. at 350; *see Bounds v. Smith*, 430 U.S. 817, 828 n. 17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint' "). To succeed on a complaint under §

1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Plaintiff's claims against the named individual Defendants will be dismissed.

If Plaintiff wishes to pursue claims against Officer King, he may file a written response or an amended complaint adding Officer King as a Defendant. Failure to comply with this Order may result in dismissal of the complaint.

IT IS THEREFORE ORDERED that Plaintiff's claims against named Defendants Chaves County Detention Center, Rogers, Elmore, and Miranda are DISMISSED; and, within twenty-one (21) days from entry of this Order, Plaintiff may file a written response or an amended complaint adding Officer King as a Defendant.

_____
UNITED STATES DISTRICT JUDGE